STATE OF NORTH CAROLINA v. DAVID HOLLIS MAGEE

No. 8426SC972

(Filed 18 June 1985)

1. **Automobiles and Other Vehicles § 126.2— failure of breathalyzer operator to administer second test—no error**

    In a prosecution for driving under the influence, the results of a breathalyzer test were not required to be excluded because the breathalyzer operator refused to retest defendant. At the time the breathalyzer test was administered in this case defendant had a right to a second test but the officer who administered the first was not required to administer the second.

2. **Automobiles and Other Vehicles § 130; Criminal Law § 138— erroneous DWI sentencing—aggravating and mitigating factors not properly found—improper active portion of suspended sentence**

    The trial court erred in sentencing a DWI defendant by stating that there were no aggravating factors when there was evidence that defendant had been convicted of illegal passing and reckless driving, both of which are assigned four points; by stating in open court that there were no aggravating factors but one mitigating factor, checking a mitigating factor on the AOC form, checking the place on the form showing no mitigating factors, and imposing a level four punishment required when there are no aggravating or mitigating factors; and by imposing an active term of thirty days as one of the conditions of a suspended sentence when G.S. 20-179(j) limits the active term a defendant may receive as part of a suspended sentence to forty-eight hours. G.S. 20-179; G.S. 20-16.

APPEAL by defendant from *Downs, Judge*. Judgment entered 23 May 1984 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 2 April 1985.

The defendant was tried for driving while impaired. The evidence in Superior Court showed the defendant was arrested on 21 December 1983 and taken to the Mecklenburg County jail. The arresting officer testified that in his opinion the defendant was under the influence of an intoxicating beverage. A breathalyzer test indicated the alcohol content in the defendant's blood was .10 percent. The defendant requested a second breathalyzer test and was told by the breathalyzer operator that he was entitled to another test at defendant's "leisure" but he would not retest the defendant. The defendant testified on cross examination that he had been convicted of illegal passing in 1979 and reckless driving, in January 1979. He was convicted as charged.

The court conducted a sentencing hearing. At the conclusion of the hearing the court announced that it was compelled to find that there were no aggravating factors and there was a mitigating factor that the alcohol concentration did not exceed .11 percent at any relevant time after the driving. The court said it would impose a level four punishment. On the form furnished by the Administrative Office of the Courts the court did not check any aggravating factors. It checked the mitigating factor that there was a slight impairment of the defendant's faculties and that the defendant's alcohol concentration did not exceed .11 at any relevant time. The court also checked the line which says, "There are no aggravating or mitigating factors. Therefore, Level Four punishment shall be imposed." The court sentenced the defendant to 120 days in prison, which sentence was suspended on condition that the defendant serve an active sentence of 30 days and pay a fine of $250.00. The defendant appealed.

*Attorney General Edmisten, by Special Deputy Attorney General Isaac T. Avery, III, for the State.*

*Ellis M. Bragg for defendant appellant.*

WEBB, Judge.

[1] In his first assignment of error the defendant argues that the results of the breathalyzer test should have been excluded because the breathalyzer operator refused to retest him. At the time the breathalyzer test was administered in this case there was not a requirement that a second test be administered. The defendant had the right to a second test but we do not believe the officer who administered the first test could be required to administer the second one. This assignment of error is overruled.

[2] In his second assignment of error the defendant contends there was error in the sentencing. We believe this assignment of error has merit. G.S. 20-179 provides for the imposition of sentences for persons convicted of impaired driving. After a person has been convicted of impaired driving the court must hold a sentencing hearing. There are five different levels of punishment and the level at which a person is sentenced depends on the aggravating and/or mitigating factors found by the court.

In this case the court stated at the end of the sentencing hearing that there were no aggravating factors. G.S. 20-179(d)(5)

State v. Magee

provides that two or more convictions within five years of an offense for which at least three points are assigned under G.S. 20-16 constitutes an aggravating factor. In this case there is evidence that the defendant was convicted of illegal passing and reckless driving in 1979. Four points are assigned by G.S. 20-16 for both these offenses. This would constitute an aggravating factor. G.S. 20-179(e)(1) provides that slight impairment and an alcohol concentration of less than .11 percent at any relevant time after driving constitutes a mitigating factor. In this case there was evidence of an aggravating factor and a mitigating factor.

The court held the defendant was subject to a level four punishment. It is not clear how the court reached this conclusion. The judge stated in open court that there were no aggravating factors but there was a mitigating factor. He checked a mitigating factor on the AOC form but then checked the place on the form showing there were no mitigating factors. If there were no aggravating or mitigating factors the court was required to impose a level four punishment. If there were not an aggravating factor and there was a mitigating factor the court could have concluded the mitigating factors substantially outweigh the aggravating factors in which case G.S. 20-179(f)(3) would require that a level five punishment be imposed.

If the court had correctly found that a level four punishment should have been imposed it erred in the imposition of the sentence. G.S. 20-179(j) limits the active term a defendant may receive as a part of a suspended sentence to 48 hours. In this case the court required the defendant to serve 30 days as a part of the conditions of the suspended sentence. This was error.

We find no error in the trial. We vacate the sentence for errors in concluding what level of punishment should be imposed and for the error in imposing a level four punishment. We order a new sentencing hearing.

No error as to the trial.

Vacated and remanded as to the sentence.

Judges BECTON and PARKER concur.